UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON RILEY BAUCOM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-0008 NAB |
| | ) | |
| GEORGE A. LOMBARI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action concerns the alleged wrongful death of plaintiff's children. Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and state law. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court finds that plaintiff's federal causes of action fail to state a claim upon which relief can be granted.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id*. at 679.

## The Complaint

Plaintiff's twin sons, J.P.B and C.R.B, both of whom were autistic, died while under the foster care of defendant Nancy Huber.  J.P.B., who was five years old, was left unattended and drowned in a pond.  A few months later, C.R.B., who was six years old, died of suffocation in a hog pen.  At the time of their birth, both of the children's parents were imprisoned.  As a result, they were placed in the temporary Foster Care Program administered by the Missouri Department of Corrections and the Missouri Department of Social Services.

Plaintiff says Huber is a Mennonite.  Plaintiff alleges that the defendant state officials should have known that placing his children with a Mennonite family was reckless because their "devout beliefs" in the supremacy of the "Law of God" over state laws causes them to be unfit foster parents to autistic children.  Plaintiff also argues that the state officials acted recklessly in not removing C.R.B. from Huber's care after J.P.B. died as a result of lack of supervision.

Plaintiff contends that defendant Michelle Curry, who is or was a Circuit Manager for the Department of Social Services, negligently failed to supervise the caseworkers responsible for monitoring his children.

Plaintiff claims that the defendant sheriff officers acted with "negligence and reckless disregard" for C.R.B.'s safety for not arresting Huber when J.P.B. died.

Plaintiff sues defendants for violations of the Due Process Clause and the Missouri wrongful death statute, Mo. Rev. Stat. § 537.080.

## Discussion

The complaint is frivolous with regard to defendant Nancy Huber because foster parents are not state actors within the meaning of § 1983. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001); *Milburn v. Anne Arundel County Dep't of Social Servs.*, 871 F.2d 474, 477 (4th Cir. 1989) (determining that foster parents are not state actors); *Lintz v. Skipski*, 807 F.Supp. 1299, 1306–07 (W.D. Mich. 1992) (discussing cases holding that foster parents are not state actors).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not pled facts showing that defendant Curry was personally responsible for the supervision of his children. Nor are defendants Brian Kinkade or Tim Decker responsible because they have supervisory authority over employees of the Department of Social Services. And there are no factual allegations showing that the Department of Corrections officials had any control over the placement of his children in Huber's home. Therefore, the complaint fails to state a claim upon which relief can be granted against these defendants.

The complaint is frivolous with regard to the sheriff officer defendants because they did not have a duty to arrest Huber. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005).

Plaintiff's negligence claims are frivolous under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Finally, plaintiff has not stated a plausible claim against the City of Edina or Knox County because he has not alleged that an official custom or policy led to the death of his children. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Finally, because plaintiff's federal causes of action fail to state a claim upon which relief can be granted, the Court declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 11th day of March, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE